# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | NO. A-02-CR-143 JRN |
| | § | |
| DAVID BLAKESLEE | § | |

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

TO:    THE HONORABLE JAMES R. NOWLIN
        SENIOR UNITED STATES DISTRICT JUDGE

The undersigned submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. § 636(b), 18 U.S.C. § 3401(i), and Rule 1(d) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.

The Court conducted a hearing on March 12, 2010, and heard arguments from all of the parties with regard to the U.S. Probation Office's Petition seeking to revoke the Defendant's term of supervised release.

## I. PROCEDURAL BACKGROUND

On September 12, 2002, the Defendant was sentenced by Judge Nowlin to 37 months of imprisonment, and three years of supervised release for being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). He commenced serving his term of supervised release on January 28, 2005. On July 11, 2005, supervision of the Defendant was transferred to Houston where the Defendant moved to attend driver school. The Defendant maintained in compliance with his conditions until May 24, 2006, when he was arrested in Bastrop County, Texas and charged with both a drug trafficking and firearms charge. He was released on bond the next day.

That was the last day that he was heard from as far as his federal supervision is concerned. He never reported the Bastrop County arrest to his probation officer, and failed to appear in that court for subsequent hearings. On July 10, 2006, the Probation Office submitted its petition alleging that the Defendant had violated his supervised release, and the undersigned ordered the issuance of a warrant for the Defendant's arrest. From the evidence presented at today's hearing, it appears that the Defendant decided to become a fugitive from both the Bastrop County case, as well as his federal supervision, and fled to Belize, where he has resided the past four years. Ultimately, the Defendant decided that he needed to face these problems and arranged to return to the U.S. to surrender on the pending warrants. When he was at the U.S. embassy in Belize to update his passport for that purpose, he was arrested on the warrants and taken into custody.

On March 12, 2010, the Defendant and his attorney appeared before the undersigned Magistrate Judge for a hearing on the Petition. On the same date, the Defendant and his attorney signed a Consent to Allocution Before United States Magistrate Judge. Pursuant to 28 U.S.C. Section 636(a) and 18 U.S.C. § 3401(i), this Court held a Supervised Release Revocation Hearing, at which time the Defendant pleaded "true" to three of the charges against him, and made no plea to the remaining charges (as the Bastrop County case remains pending).

## II. FINDINGS OF THE COURT

1. The Defendant was competent to stand trial on the charges against him, and had both a factual as well as a rational understanding of the proceedings against him.

2. The Defendant does not suffer from any physical or mental impairment that would affect his ability to fully understand the charge against him or the consequences of his plea.

3. The Defendant received a copy of the Petition naming him, and he read it.

4. The Defendant understood the Petition and the charges against him and had the opportunity to discuss the Petition and charges with his attorney.

5. The Defendant waived his preliminary hearing.

6. The Defendant voluntarily gave consent to allocute before a United States Magistrate Judge.

7. The Defendant understood that he had the right to present evidence and to cross-examine witnesses at the hearing, and waived that right.

8. The Government, without objection from the Defendant, gave a summary of the evidence against the Defendant.

9. The plea of true was freely, intelligently, and voluntarily made by the Defendant.

10. The Defendant understood all of his statutory and constitutional rights and desired to waive them.

11. The Defendant violated conditions of his supervised release by: (1) absconding from his supervision, and thus failing to report as required; (2) failing to notify the probation office of his arrest in Bastrop County; and (3) failing to notify his probation officer of changes in his employment.

III. RECOMMENDATIONS

The Court has carefully considered all of the arguments and the evidence presented by the Government and the Defendant and RECOMMENDS, based on the original offense and the intervening conduct of the Defendant, that the Defendant's supervised release term be REVOKED. The Court has taken into account the policy statements in Chapter Seven of the Sentencing Guidelines. The most serious violation is a Grade C, and the Defendant's criminal history category is III, resulting in an (advisory) guideline range of 5 to 11 months of imprisonment. Having

considered all of the above, but most importantly, the Defendant's having fled from supervision for four years, as well as the very favorable sentence the Defendant received in this case in the first instance, but also adjusting for the fact that the Defendant has apparently led a law-abiding life while in Belize, and surrendered on the charges, the undersigned RECOMMENDS that the Defendant be sentenced to 18 months of imprisonment, with no supervised release to follow.

## IV. OBJECTIONS

In writing following the Court stating on the record its recommendation in this case, the parties waived the ten day period in which they may file of objections to this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140 (1985); *Douglas v. United Services' Automobile Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*). Accordingly, there will be no objections to this Report and Recommendation, and the matter is ripe for the District Court to act upon it.

To the extent that a party has not been served by the Clerk with this Report & Recommendation electronically pursuant to the CM/ECF procedures of this District, the Clerk is directed to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 12th day of March, 2010.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE